UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. PARDUCCI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OVERLAND SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07162-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED THIRD PARTY COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 101 |

In this action. plaintiff Richard P. Parducci sues defendants AMCO Insurance Company ("AMCO") and Overland Solutions, Inc. ("Overland") for allegedly engaging in a scheme to overcharge customers of homeowners' insurance by intentionally overestimating the replacement costs of homes. Overland filed an Amended Third Party Complaint against third party defendant Mark Davis Insurance Agency, Inc. ("MDI") for equitable indemnity, apportionment of fault, and tort of another. Before me is MDI's motion to dismiss the Amended Third Party Complaint for failure to state a claim. Because all three claims depend on the alleged duty breached by MDI, which Overland fails to sufficiently plead, the motion is GRANTED with leave to amend.[1]

**BACKGROUND**

Parducci, who is the grandson of Margarett Parducci and the late John. A Parducci (the "Parduccis"), filed this action on behalf of Margarett Parducci and as Trustee of the John A. Parducci and Margarett L. Parducci Survivor's Trust dated December 29, 1987. Amended

---

[1] On July 17, 2020, parties stipulated to modify the discovery schedule and to continue the Case Management Conference set in this case. Further Stipulated Request to Extend Phase I Discovery [Dkt. No. 109]. The stipulation is GRANTED with modification that the Case Management Conference is rescheduled to November 3, 2020. A Case Management Statement is due by October 27, 2020.

1   Complaint ("Am. Compl.") [Dkt. No. 59] ¶¶ 1, 2.  AMCO was the insurance company that had
2   been hired by the Parduccis to insure their home located in Ukiah, California.  *Id.* ¶¶ 8, 13.
3   Overland was the appraisal company charged with the responsibility of providing an accurate
4   appraisal of the replacement cost value of the Parducci home for the purpose of setting or
5   confirming the replacement cost value in the insurance policy issued to the Parduccis by AMCO.
6   *Id.* ¶ 13.
7         On January 6, 2016, Parducci requested a copy of the complete insurance file from "the
8   Parduccis' broker and AMCO's agent, [MDI], because it appeared to him that the replacement
9   cost value of the Parduccis' home was grossly over-insured."  *Id.* ¶ 10.  Based upon the
10  documentation provided by MDI, he discovered that "the Parduccis' home had been over-insured
11  for at least seven years, resulting in the payment of excessive premiums on dwelling coverage
12  limits that the family would never be able to collect if there had been a loss."  *Id.* ¶ 12.  He
13  specifically alleges that Overland was responsible for his economic losses because it overvalued
14  the property when it performed a valuation for the Parduccis' insurer, AMCO.  *Id.* ¶¶ 15–21.  In or
15  about August 2016, he moved the Parduccis' policies to a different AMCO agent, the Lincoln-
16  Leavitt Agency.  *Id.* ¶ 19.
17        On November 27, 2018, Parducci brought this action against AMCO and Overland for
18  allegedly engaging in a scheme to overcharge customers of homeowners' insurance by
19  intentionally overestimating the replacement costs of homes.  Complaint [Dkt. No. 1].  I granted
20  AMCO's and Overland's motions to dismiss the original Complaint on July 17, 2019.  Order
21  Granting Motions to Dismiss; Denying Motion to Strike [Dkt. No. 56].  On November 25, 2019, I
22  denied their motions to dismiss the Amended Complaint, finding that Parducci fixed the
23  deficiencies and sufficiently pleaded his fraud claims as well as his claim for breach of the implied
24  covenant of good faith and fair dealing.  Order Denying Motions to Dismiss [Dkt. No. 72].
25        Overland now brings claims against MDI.  Amended Third Party Complaint ("Am. TPC")
26  [Dkt. No. 97].  Based on Parducci's allegation that MDI was the Parduccis' broker and AMCO's
27  agent, it alleges that MDI owed a duty to "use reasonable care, diligence, and judgment" when
28  procuring the Parduccis' insurance policy.  Am. TPC ¶ 34 (citing Am. Compl. ¶ 10).  It claims that

"[g]iven the duty of honesty, good faith, and fair dealing that MDI statutorily owed the Parduccis as their insurance broker, MDI would and should have advised the Parduccis about any alleged inflation and underlying misrepresentation, negligence, or omission that [Parducci] alleges existed with each policy renewal document." *Id.* ¶ 39. Instead, "MDI never had any discussion with the Parduccis about their policy coverage or premiums during its tenure serving as the Parduccis' broker and receiving compensation, and/or never provided any competing quotes." *Id.* ¶ 40. Had MDI performed the basic duties of an insurance broker, the Parduccis could have identified the alleged "inflated" coverage, changed insurance providers, and avoided Parduccis' alleged overpayment of increased premiums – damages that Parducci now seeks to recover from Overland.

Based on these allegations, and similar-worded allegations throughout its Amended Third Party Complaint, Overland claims that, to the extent that any wrongdoing may have occurred in the process of insuring the Parduccis' property and in setting the policy coverage amount – and thus related premiums – liability falls upon their insurance broker MDI. Am. TPC ¶ 1. It brings three claims against MDI for: (i) apportionment of fault, (ii) equitable indemnity, and (iii) tort of another.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Factual allegations can be disregarded, however, if contradicted by the facts established by reference to documents attached as exhibits to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

MDI moves to dismiss on grounds that Overland fails to plausibly plead all three of its claims, two of which, apportionment of fault and tort of another, it argues are damages doctrines that are not causes of action. Third Party Defendant Mark Davis Insurance Agency, Inc.'s Notice of Motion and Motion Under Rule 12(b)(6) to Dismiss Amended Third Party Complaint ("MTD") [Dkt. No. 101] 6.

## I.  EQUITABLE INDEMNITY

The elements of a cause of action for equitable indemnity are "(1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is . . . equitably responsible." *C.W. Howe Partners Inc. v. Mooradian*, 43 Cal. App. 5th 688, 700 (Cal. Ct. App. 2019), *reh'g denied* (Jan. 8, 2020), *review denied* (Mar. 25, 2020) (quoting *Bailey v. Safeway, Inc.*, 131 199 Cal. App. 4th 206, 217 (Cal. Ct. App. 2011)). The doctrine of equitable indemnity applies only to defendants who are jointly and severally liable to the underlying

4

1  plaintiff.  *BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.*, 119 Cal. App.

2  4th 848, 852 (2004) (internal citation and quotation marks omitted).

3  There must be some basis for tort liability against the proposed indemnitor and it is

4  generally based on a duty owed to the underlying plaintiff.  *BFGC Architects*, 119 Cal. App. 4th at

5  852.  In the absence of any such duty owed by the third-party defendant to the underlying plaintiff,

6  the claim of defendant and third-party plaintiff for equitable indemnity fails as a matter of

7  law.  *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Grp.*, 143 Cal. App. 4th 1036, 1041

8  (2006); *see, e.g.*, *Certain Underwriters at Lloyd's of London Subscribing to Policy No. E & O 14*

9  *10873 A v. Gen. Star Indem. Co.*, 339 F. Supp. 3d 930, 932 (E.D. Cal. 2018) (granting motion to

10 dismiss "[b]ecause Plaintiff's claim for equitable indemnity relies on an unsupported legal

11 theory").

12 Overland contends that it properly pleaded this claim based on (1) MDI's failure to fulfill

13 its duties to the Parduccis as their insurance broker, which (2) led to the alleged policy premium

14 overpayments that Parducci currently seeks as damages from Overland.  Overland Solution, Inc.'s

15 Opposition to Third-Party Defendant Mark Davis Insurance Agency, Inc.'s Motion to Dismiss

16 ("Oppo.") [Dkt. No. 105] 5 (citing Am. TPC ¶¶ 54–55).

17 As a preliminary matter, MDI contends that the characterization of it as a broker is a

18 conclusion of law, not a factual allegation that must be taken as true.  Instead, it asserts that it

19 acted only in the capacity of AMCO's agent, not Parducci's broker.[2]  But it fails to point to any

20 authority that would require Overland to plead anything more than what it has pleaded in order to

21 characterize MDI as an insurance broker.  Parducci identified MDI as the Parduccis' broker and

22 AMCO's agent in his Amended Complaint, which is what Overland relies on for its Amended

23 Third Party Complaint.  Am. TPC ¶ 34 (citing Am. Compl. ¶ 10).  Any disagreement MDI has

---

[2] The California Insurance Code distinguishes between brokers, who represent the interests of the person seeking insurance, and agents, who represent the insurer.  *Compare* Cal. Ins. Code § 1621 *with* Cal. Ins. Code § 1623.  As recognized in *Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249, 1255(1993), *modified* (Feb. 5, 1993), courts sometimes use the terms "broker" and "agent" interchangeably, without reference to the Insurance Code provision that defines "agent" as a person acting for an insurer and defines "broker" as a person who acts or transacts insurance "with, but not on behalf of, an insurer."

with this characterization suggests that it may ultimately be a dispute of fact that cannot be resolved at the pleadings stage.

Even if it was the Parduccis' insurance broker, MDI argues that Overland improperly alleges a duty that is too expansive without sufficient allegations to support its scope. Overland's theory suggests that MDI had an ongoing duty to monitor the Parduccis' insurance coverage and needs, advise them what insurance to procure, learn of the alleged excessive premiums, and warn them that they were being defrauded. Reply to Overland Solutions, Inc.'s Opposition to Motion to Dismiss Amended Third Party Complaint ("Reply") [Dkt. No. 106] 5. MDI claims that in the absence of a special duty arising from an express agreement to provide such services or a holding out, there is no continuing duty to manage the insured person's coverage.

"At a minimum, an insurance agent has a duty to use reasonable care, diligence, and judgment in procuring the insurance requested by its client." *Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249, 1257, (1993), *modified* (Feb. 5, 1993). The general rule is that "an insurance agent does not have a duty to volunteer to an insured that the latter should procure additional or different insurance coverage." *Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1997), *as modified* (Oct. 16, 1997). "The rule changes, however, when—but only when—one of the following three things happens": "(a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided"; "(b) there is a request or inquiry by the insured for a particular type or extent of coverage"; or "(c) the agent assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured." *Id.*

Overland contends that *Fitzpatrick*'s scenario (a) applies here. Oppo. 6–7. *Fitzpatrick* cited to three cases that fit into scenario (a): first, *Free v. Republic Ins. Co.*, 8 Cal. App. 4th 1726, 1729 (1992), where a homeowner had specifically inquired—several times allegedly—of his broker as to whether "the coverage limits of his policy were adequate to rebuild his home" in the event of its destruction by fire, and the broker repeatedly informed him that they were; second, *Desai v. Farmers Ins. Exchange*, 47 Cal. App. 4th 1110, 1114 (1996), where the agency negligently represented that the policy in fact provided the 100 percent replacement cost coverage

6

that the insured demanded, and therefore it failed to deliver the agreed-upon coverage.  *Desai* distinguished itself from other cases that have held that an insurance agent cannot be held liable for "failing to (1) *recommend additional* coverage or (2) *spontaneously procure* unrequested additional coverage for its insured or (3) *advise* that *additional* coverage was available."  *Id.* (emphasis in original); and third, *Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th, 1090, 1096 (1996), where there was an alleged affirmative misrepresentation concerning the quality and scope of the insurance being provided.

        Overland fails to make similar allegations here.  It does not allege that MDI made any misrepresentations in response to specific inquiries from the Parduccis (as in *Free*), or that it negligently represented that the policy would deliver the agreed-upon coverage (as in *Desai*), or that it made any affirmative misrepresentation concerning the quality and scope of the insurance being provided (as in *Nacsa*).  Instead, it alleges that, by continuing to manage the Parduccis' renewals of the AMCO policy without identifying the alleged misrepresentation of the extent of the policy coverage, MDI represented to the Parduccis that the extent of the coverage of the policy was appropriate for their property.  Am. TPC ¶ 53.  This allegation does not fit into *Fitzpatrick*'s scenario (a).

        In a recent opinion, the Hon. Edward M. Chen found that plaintiffs similarly failed to adequately plead scenario (a) of *Fitzpatrick* because they "[did] not describe with any specificity the alleged misrepresentations."  *Sheahan v. State Farm Gen. Ins. Co.*, No. 18-CV-06186-EMC, 2020 WL 1043658, at *6 (N.D. Cal. Mar. 4, 2020).  "Instead, they merely indicate[d] that Plaintiffs were acting on their assumption based on, *inter alia*, State Farm's reputation in the insurance industry."  *Id.*  Judge Chen found that this allegation was not enough because there was "no allegation that any of the Plaintiffs requested a certain type of insurance coverage, nor is there an allegation that the State Farm agents held themselves out as having any expertise beyond being insurance agents."  *Id.*

        The same is true here.  Overland fails to describe with any specificity the alleged misrepresentations that trigged MDI's special duty to the Parduccis.  It may not be privy to the relationship between the Parduccis and MDI beyond what is alleged by Parducci in his Amended

1  Complaint, but the bare-bone allegations it pleads are not enough.  I will give Overland leave to
2  amend its third-party complaint if it can allege more specific facts based on the ongoing discovery
3  in this case.  MDI's motion to dismiss this claim is GRANTED with leave to amend.

## II.    APPORTIONMENT OF FAULT AND TORT OF ANOTHER

Overland's remaining claims for "apportionment of fault" and "tort of another" also depend on the alleged breach of duty by MDI.  For the same reasons explained above, MDI's motion to dismiss these claims is GRANTED with leave to amend.

MDI alternatively moves to dismiss these two claims on grounds that these are damages doctrines and not cognizable causes of actions under California law.  I briefly address why this argument is unpersuasive.

As Overland points out, although there is little discussion about apportionment as a cause of action, parties in California courts have long alleged apportionment of fault as an affirmative cause of action.  Oppo. 9.  For example, in *Cisneros v. Phillips*, the court granted leave to defendant to file a third-party complaint alleging "causes of action for indemnity, apportionment of fault, declaratory relief, and negligence against all third-party defendants."  No. 1:09-CV-1033OWWGSA, 2009 WL 3060415, at *1 (E.D. Cal. Sept. 24, 2009); *see also Gonzalez v. JAG Trucking, Inc.*, No. 118CV01046LJOJLT, 2019 WL 1994464, at *1 (E.D. Cal. May 6, 2019) (granting defendants leave to add additional third-party defendants to a third-party complaint alleging, in part, apportionment of fault).

Courts have allowed complaints and third-party complaints to plead apportionment of fault as a separate cause of action from indemnity.  *See, e.g.*, *Castle v. Hui*, No. H034601, 2016 WL 297895, at *1 (Cal. Ct. App. Jan. 25, 2016); *Van Dyk Lines, Inc. v. Peterbilt Motors Co.*, No. B268676, 2017 WL 1164508, at *5 (Cal. Ct. App. Mar. 29, 2017); *Collishaw Holdings, LLC v. Winnebago Indus.*, No. 13-CV-05364-JCS, 2014 WL 6619002, at *1 (N.D. Cal. Nov. 19, 2014). Although many of these cases settle, others advance to trial with the apportionment of fault cause of action intact.  *See, e.g.*, *Unocal Corp. v. United States*, 222 F.3d 528, 533 (9th Cir. 2000); *Van Dyk Lines, Inc.*, 2017 WL 1164508.

MDI attempts to discount some of these cases by pointing out that those courts did not

actually address whether a cause of action for apportionment of fault exists. That is not reason enough for me to dismiss it at this stage. It also attempts to discount some of the cases by arguing that those decisions are unpublished and citation to it is prohibited by California Rules of Court 8.1115. However, California's Rules of Court are not binding on this federal court. *See Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F.Supp.2d 1084, 1103, n. 7 (N.D. Cal. 2005).

Similarly, "tort of another" has been recognized as a cognizable cause of action. *See, e.g., Carramerica Realty Corp. v. NVIDIA Corp.*, No. C 05-00428 JW, 2010 WL 11636240, at *4 (N.D. Cal. Jan. 27, 2010) ("The Court finds that Plaintiffs have alleged sufficient facts to state a claim for tort of another.").

MDI's argument that "apportionment of fault" and "tort of another" is not a cognizable cause of action is unpersuasive. Nevertheless, because these claims depend on Overland's insufficiently pleaded allegation that MDI breached a duty, MDI's motion to dismiss these claims is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons, MDI's motion to dismiss the Amended Third Party Complaint is GRANTED. Overland is granted leave to amend within 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 21, 2020

William H. Orrick
United States District Judge